# EXHIBIT A



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

---

# Case #2019CI01653

**Name:** STEPHEN GRANT

**Date Filed :** 1/25/2019

**Case Status :** PENDING

**Litigant Type :** PLAINTIFF

**Court :** 150

**Docket Type :** DEBT/CONTRACT

**Business Name :** 2019CI01653

**Style :** STEPHEN GRANT ETAL

**Style (2) :** vs EVEREST REINSURANCE ETAL

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00006 | 3/7/2019 | ORIGINAL ANSWER OF<br>EVEREST REINSURANCE COMPANY AND AFFIRMAT<br>IVE DEFENSES |
| P00005 | 2/21/2019 | REQUEST FOR SERVICE AND PROCESS |
| P00004 | 2/20/2019 | RETURN OF SERVICE OF<br>EVEREST REINSURANCE |
| S00003 | 1/31/2019 | CITATION<br>ALLIED NATIONAL INC<br>ISSUED: 1/31/2019 |
| S00002 | 1/31/2019 | CITATION<br>HEALTH PLAN INTERMEDIARIES HOLDINGS LLC<br>ISSUED: 1/31/2019 |
| S00001 | 1/31/2019 | CITATION<br>EVEREST REINSURANCE<br>ISSUED: 1/31/2019 RECEIVED: 1/29/2019<br>EXECUTED: 2/8/2019 RETURNED: 2/19/2019 |
| P00003 | 1/25/2019 | SERVICE ASSIGNED TO CLERK 2 |
| P00002 | 1/25/2019 | PETITION |
| P00001 | 1/25/2019 | JURY FEE PAID |

# EXHIBIT B

FILED
2/21/2019 9:55 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson



**Cause Number:** 2019CI01653

**District Court :** 150th

# Mary Angie Garcia
# Bexar County District Clerk

## Request for Process

Style: Stephen Grant and Mary Grant                    **Vs.**  Everest Reinsurance, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, and Josh Williams

**Request the following process:** (Please check all that Apply)

☑ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations
**Registered Agent/By Serving:** Commissioner of Insurance
**Address** 333 Guadalupe St., Austin, Texas 78701. HPI's mailing address is 15438 N. Florida Ave., Ste. 201, Tampa, FL 33613
**Service Type:** (Check One) ☐ *Private Process*    ☐ *Sheriff*  ☑ *Commissioner of Insurance*   ☐ *SA Express News*   ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail*   ☐ *Registered Mail*   ☐ *Out of County*   ☐ *Secretary of State*   ☐ *Constable Pct* __
(Pct. 3 serves process countywide)

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*    ☐ *Sheriff*  ☐ *Commissioner of Insurance*   ☐ *SA Express News*   ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail*   ☐ *Registered Mail*   ☐ *Out of County*   ☐ *Secretary of State*   ☐ *Constable Pct* __
(Pct. 3 serves process countywide)

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*    ☐ *Sheriff*  ☐ *Commissioner of Insurance*   ☐ *SA Express News*   ☐ *Hart Beat* ☐ *CourthouseDoor*
☐ *Certified Mail*   ☐ *Registered Mail*   ☐ *Out of County*   ☐ *Secretary of State*   ☐ *Constable Pct* __
(Pct. 3 serves process countywide)

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*    ☐ *Sheriff*  ☐ *Commissioner of Insurance*   ☐ *SA Express News*   ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail*   ☐ *Registered Mail*   ☐ *Out of County*   ☐ *Secretary of State*   ☐ *Constable Pct* __
(Pct. 3 serves process countywide)

**Title of Document/Pleading to be Attached to Process:** Plaintiffs' Original Petition and Requests for Disclosure

**Name of Attorney/Pro se:** Cassandra Pruski                **Bar Number:** 24083690
**Address:** 777 E. Sonterra Blvd., Ste. 320                **Phone Number:** 210-404-1320
San Antonio, Texas 78258

**Attorney for Plaintiff** __X__     **Defendant** _____     **Other** _____

**\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\***

# EXHIBIT
# C

FILED
1/25/2019 3:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

W/ JD

3 CITS PPS COI / 1 CIT PPS - SAC 2

CAUSE NO. _____

## 2019CI01653

| | | |
|---|---|---|
| STEPHEN GRANT AND MARY GRANT | § § § | IN THE DISTRICT COURT |
| **Plaintiffs** | § § | |
| | § | 150th |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| EVEREST REINSURANCE, HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC D/B/A HEALTH INSURANCE INNOVATIONS, and ALLIED NATIONAL, INC. | § § § § § § | |
| **Defendant** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, STEPHEN GRANT and MARY GRANT, file this original petition complaining of Defendants, Everest Reinsurance, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, and Allied National, Inc., in which Plaintiffs are seeking monetary relief of over $1,000,000. In support of this petition, Plaintiffs would show this honorable court as follows:

### I. Parties, Venue, and Discovery Level

Plaintiffs, Stephen and Mary Grant, are domiciled in Bexar County, Texas.

Defendant, Everest Reinsurance Company (hereinafter "Everest"), is a foreign Company doing business in Texas and can be served with process by serving its registered agent, Corporation Service, 211 E 7th St., Ste. 620, Austin, Texas 78701-3218.

Defendant, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations (hereinafter "HPI"), is a foreign company doing business in Texas that can

be served with process by serving the Commissioner of Insurance at 333 Guadalupe St., Austin, Texas 78701. HPI's mailing address is 15438 N. Florida Ave., Ste. 201.

Defendant, Allied National, Inc. (hereinafter "Allied"), is a foreign company doing business in Texas that can be served with process by serving the Commissioner of Insurance at 333 Guadalupe St., Austin, Texas 78701. Allied's mailing address is PO Box 29189, Kansas City, Missouri 64152-0489.

The venue of this case is proper in Bexar County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiffs intend to conduct discovery in this case under **Level 3** pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or its agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

On December 15, 2016, Plaintiffs purchased medical insurance from Everest (Certificate No. EVT0157220) to cover their family's health care needs. Mrs. Grant purchased this policy over the phone through Everest's third party administrator, HPI

and its agent, David Bromberg, to take effect on January 1, 2017.  In order to purchase

the plan, Mrs. Grant was asked a series of questions from the Group Short Term Medical

Plan Insurance Enrollment Form for eligibility to obtain the insurance. During the

questioning, Mrs. Grant was asked the following question by Bromberg:

**Question No. 4:**

"Within the last 5 years has any applicant been diagnosed with, received
treatment, abnormal test results, medication, consultation for, or had
symptoms of: Insulin or medication dependent diabetes except gestational
(diabetes does not apply to residents of DC), stroke, transient ischemic
attack (TIA), cancer or tumor except basal cell skin cancer, Crohn's
disease, ulcerative colitis, rheumatoid arthritis, systemic lupus, chronic
obstructive pulmonary disease (COPD), emphysema, cystic fibrosis,
hepatitis C, multiple sclerosis, muscular dystrophy, alcohol or drug abuse,
bipolar disorder or schizophrenia; hospitalization for mental disorder, an
eating disorder; or any diseases or disorders of the following: liver, kidney,
blood, pancreas, lung, brain, heart or circulatory including heart attack or
catheterization?"

Mrs. Grant informed Bromberg that her husband, Stephen Grant, had previously

been treated for a heart condition that was not indicated in the first portion of the

question, but was never hospitalized as questioned in the second portion. Bromberg

responded by stating that the information she was providing did not meet the question

criteria and would not require a "yes" reply to the question.  Mrs. Grant did not have the

enrollment form in front of her to properly review and interpret the questions as they

were being asked. As a result, Mrs. Grant relied on Bromberg for guidance in responding

to these questions. When question no. 4 was read, Mrs. Grant interpreted it as a two

part question. Bromberg also interpreted the question in the same manner, as a two part

question, and they both agreed the correct response was "NO."

On May 2, 2017, Mr. Grant was rushed to the emergency room, which resulted in

treatments for Cardiac Arrhythmia.  These claims were submitted to Everest's claim

manager, Allied, for payment.  Once submitted, Everest conducted an investigation on these claims. The Grants believe Everest opened an investigation on the claims as a fishing expedition to deny paying these claims.  True to form, in a March 29, 2018 letter, HPI informed the Grants that after review of the medical information submitted, Everest directed HPI to rescind the short term medical insurance coverage, making it null and void as of January 1, 2017.

HPI further stated in the letter that the policy had been rescinded based on a comparison of the application responses to information received during the processing of the medical claims, specifically, the response to question no. 4 of the Group Short Term Medical Plan Insurance Enrollment Form. Everest claimed that the information provided by Mrs. Grant was a misrepresentation of facts in that Mrs. Grant had responded "No" to question no. 4 when it should have been "Yes." Everest stated that during the investigation, it was determined that Mr. Grant had previous treatment for his heart and as a result Everest was misled into approving coverage to the Grants. HPI informed the Grants that had Mrs. Grant accurately responded to questions no. 4 the Short-Term Medical Policy would not have been approved.

On April 24, 2018, Mr. Grant sent an appeal letter to Everest requesting that it formally reinstate his coverage and pay the bills owed under the insurance policy. Mr. Grant stated that Everest had rescinded the policy based on one question (no. 4) off the initial application even though Everest's salesperson was the individual who walked them through the questions and interpreted question no. 4 as a two part question. Both parties interpreted the question as follows:

## PART ONE

"Within the last 5 years has any applicant been diagnosed with, received

treatment, abnormal test results, medication, consultation for, or had

symptoms of: Insulin or medication dependent diabetes except gestational

(diabetes does not apply to residents of DC), stroke, transient ischemic

attack (TIA), cancer or tumor except basal cell skin cancer, Crohn's

disease, ulcerative colitis, rheumatoid arthritis, systemic lupus, chronic

obstructive pulmonary disease (COPD), emphysema, cystic fibrosis,

hepatitis C, multiple sclerosis, muscular dystrophy, alcohol or drug abuse,

bipolar disorder or schizophrenia;

Mr. Grant stated the response to this portion of the question was "NO."

## PART TWO

"hospitalization for mental disorder, an eating disorder; or any diseases or
disorders of the following: liver, kidney, blood, pancreas, lung, brain, heart
or circulatory including heart attack or catheterization?"

Mr. Grant stated the response to this portion of the question was also "NO."

Mr. Grant further informed Everest that they had answered the application

questions truthfully and paid their premiums on time. The Grants demanded that

Everest live up to its commitments as outlined in the terms of their agreement and pay

the covered claims. Mr. Grant did not receive any response to his appeal letter and

began to reach out leaving multiple messages with Everest, Allied, and HPI requesting

they call to discuss the rescission and his letter. On July 12, 2018, Mr. Grant received an

email from Eric Berg of Everest acknowledging his voicemails and appeal. Mr. Berg

stated that Everest, HPI, and Allied had no record of having received the appeal letter

and requested a courtesy copy of the letter. Mr. Grant sent Berg the appeal letter with

proof of delivery. On July 16, 2018, Berg informed Mr. Grant that the letter had been reviewed and Everest had determined to uphold the rescission stating that the answer to question no. 4 should have been "Yes."

Mr. Grant responded to Berg and stated that he believed there was a flaw in the verbiage in the application in that it was confusing verbiage used to capture the most new client premium revenue but still give Everest the opportunity to deny large claims or rescind coverage. Mr. Grant further stated that Everest's claim that they did not reasonably interpret question no. 4 was invalid and offered text readability consensus results to Everest. These assessments also included charts which show the average US grade level and the level needed to understand question no. 4. These results indicated that the education level required reading and understanding of the critical question, far exceeded the average education level in the US. Mr. Grant stated that it was impossible to comprehend why any company would make such an important question so incredibly complex. He further informed Berg that his September and December surgeries could have easily waited until January giving him an opportunity to purchase different insurance had he known of Everest's unwillingness to honor its obligation to pay these claims.

On September 6, 2018, Mr. Grant sent Berg an email requesting a full copy of the policy and a copy of the audio file made during the sale of the insurance. At the time of the call, Plaintiffs were advised that the line was being recorded when Plaintiffs answered the Group Short Term Medical Plan Insurance Enrollment Form for eligibility to obtain short term medical insurance over the phone on December 15, 2016. Berg responded the following day and provided a copy of the policy and told Plaintiffs that they did not have a copy of any recording of the call. On September 8, 2018, Mrs. Grant

sent an additional email to Allied requesting a copy of the policy and a copy of the audio file.  On September 12, 2018, Allied responded and provided a copy of the policy listing the sales agent and instructed her to contact David Bromberg, who was the listed agent for the audio file recording.  To date, Plaintiffs have not been provided a copy of the audio file and have failed and refused to pay for Plaintiffs' claim.

## V.  **Cause of Action for Breach of Contract**

According to the insurance policy that Plaintiffs purchased, Everest had the duty to pay Plaintiffs policy benefits for the medical claims made on Plaintiffs' medical insurance plan.

Everest and its adjusters have breached this contractual obligation and the subject insurance policy by failing to pay Plaintiffs policy benefits for the cost for services provided. Everest and its adjusters have also breached the contractual provisions on timely investigating, adjusting, and paying Plaintiffs' medical bills on the insurance claim.  As a result of these breaches of contract, Plaintiffs have suffered the damages that are described in this petition.

## VI.  **Causes of Action for Violation of Chapter 542 of the Insurance Code**

Everest and its adjuster's conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiffs' medical claim, Everest and its adjusters did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for its claim. As a result, Everest and its adjusters have violated Chapter 542 by failing to accept or reject Plaintiffs' claim in writing within 36 days after receiving either actual or written notice of its claim. Everest and its adjusters have also violated

Section 542.058 by failing to properly pay Plaintiffs' claim within 75 days after it received either actual or written notice of the claim or within 60 days after any other applicable statutory period. In the event it is determined that Everest owes Plaintiffs any additional monies, then Everest has automatically violated Chapter 542 of the Texas Insurance Code.

## VII. **DTPA Causes of Action**

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendants under the provisions of the DTPA. Plaintiffs have met all conditions precedent to bringing these causes of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to properly investigate Plaintiffs' claim, and (3) Defendants failure to pay for the services provided to Mr. Grant on which Defendants' liability had become reasonably clear;

B. As described in this petition, Defendants represented to Plaintiffs that the subject insurance policy and its adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Defendants represented to Plaintiffs that the subject insurance policy and its adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, Defendants represented to Plaintiffs that the subject insurance policy and its adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Defendants would pay to provide medical coverage and then not doing so, Defendants have violated Sections 17.46(b)(S), (7), and (12) of the DTPA;

F.  Defendants have breached an express warranty in that Plaintiffs medical coverage would be covered under the subject insurance policy.  This breach entitles Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.SO(a)(2) of the DTPA;

G.  Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct give Plaintiffs the right to relief under Section 17.SO(a)(3) of the DTPA; and

H.  Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.SO(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition.

## VIII.  <u>**Causes of Action for Unfair Insurance Practices**</u>

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendants under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus these Defendants' failure to properly investigate Plaintiffs' medical claim. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's medical claim and its failure to pay for the medical bills on which its liability had become reasonably clear. They further include Defendants' use of biased adjusters to obtain result-oriented decisions to assist the insurer in denying Plaintiffs medical insurance claim.  In addition, Defendants failed to look for coverage and give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F. Refusing to properly pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim by conducting a sham investigation that ignored and excluded damage form the subject storm; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

## IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Everest has breached its common law duty of good faith and fair dealing by partially denying Plaintiffs' medical insurance claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. Everest has also breached its duty by unreasonably delaying payment of Plaintiffs' medical claim and by failing to settle Plaintiffs' medical claim because Everest and its adjusters knew

or should have known that it was reasonably clear that the claim was covered. This conduct of Everest and its adjusters are the proximate cause of Plaintiffs' damages.

## X. **Waiver and Estoppel**

Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters previously sent to Plaintiffs.

## XI. **Damages**

The above described conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the unpaid cost to the medical providers for the services provided to Mr. Grant in an amount exceeding $914,912, and any investigative fees incurred during the claim process. Plaintiffs are also entitled to recover the unpaid amount plus an eighteen percent per annum interest on that amount and on all other untimely payments against Everest as damages under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

## XII. **Additional Damages**

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## XIII. **Exemplary Damages**

Everest's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by

Everest are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Everest for its wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

## XIV.  Attorney's Fees

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

## XV.  Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request a trial by jury and also requests that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiffs a judgment against Defendant for the following:

1. Actual damages, economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorney's fees through trial and on appeal;
3. Eighteen percent per annum interest on late or unpaid policy benefits pursuant to Chapter 542 of Texas Insurance Code.
4. Pre-judgment and post-judgment interest as provided by law;
5. Costs of court; and
6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310

By:  */s/ Cassandra Pruski*
     Robert W. Loree
     State Bar No. 12579200
     rob@lhlawfirm.com
     Cassandra Pruski
     State Bar No. 24083690
     cassie@lhlawfirm.com

Attorneys for Plaintiffs

# EXHIBIT D

FILED
3/7/2019 2:35 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Alexandra Johnson

CAUSE NO. 2019CI01653

| | | |
|---|---|---|
| STEPHEN GRANT and MARY GRANT | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs* | § | |
| v. | § | |
| | § | |
| EVEREST REINSURANCE, HEALTH | § | BEXAR COUNTY, TEXAS |
| PLAN INTERMEDIARIES HOLDINGS, | § | |
| LLC d/b/a HEALTH INSURANCE | § | |
| INNOVATIONS, and ALLIED | § | |
| NATIONAL, INC. | § | |
| | § | |
| *Defendants* | § | 150th JUDICIAL DISTRICT |

### DEFENDANT EVEREST REINSURANCE COMPANY'S
### ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Everest Reinsurance Company ("Everest") (incorrectly named as "Everest Reinsurance"), a defendant in the above-entitled and numbered cause, and files its Original Answer and Affirmative Defenses and, in support thereof, would show as follows:

### I.      GENERAL DENIAL

As authorized by Tex. R. Civ. P. 92, Everest denies all matters pled by Plaintiffs and requests that the Court require Plaintiffs to prove the charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

### II.      AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims against Everest are barred because the Policy is void and/or voidable, and therefore there is no coverage provided under the Policy. The Policy is void and/or voidable as Plaintiffs concealed and/or made misrepresentations in their application for insurance, upon which Everest relied in issuing the Policy. But for Plaintiffs' misrepresentations,

Everest would not have issued the Policy in question under which Plaintiffs now seek coverage. Accordingly, there is no coverage for the medical costs incurred by Plaintiffs.

2.     Plaintiffs' claims against Everest are barred because the Policy was procured by Plaintiffs as a result of fraudulent misrepresentations made with the intent to obtain Policy benefits.  Everest relied upon Plaintiffs' fraudulent misrepresentations in issuing the Policy.  But for Plaintiffs' fraudulent misrepresentations, Everest would not have issued the Policy in question under which Plaintiffs now seek coverage.  Accordingly, there is no coverage for the medical costs incurred by Plaintiffs

3.     For further answer and/or in the alternative, should it be necessary, Plaintiffs' claims are subject to all of the terms, conditions, and limitations contained in the Policy.  To that extent, the Policy contains terms, conditions, and limitations which preclude and/or limit Plaintiffs' recovery against Everest in this action; including, but not limited to, the following:

> **CONSIDERATION -** This Certificate is issued in consideration of the statements made in the Enrollment Form and payment of the initial premium. Coverage is not provided until the first full premium is paid. The first premium pays for the initial term of coverage. The initial term of coverage begins at 12:01 A.M., local time on the Certificate Effective Date at the Insured's Residence.

*     *     *

> ### IMPORTANT NOTICE CONCERNING STATEMENTS
> ### IN THE ENROLLMENT FORM
>
> Please read the Enrollment Form and all documents attached to this Certificate. Omissions or misstatements in the Enrollment Form or any attached documents may cause Us to deny an otherwise valid claim or rescind coverage. Carefully check all documents. You must advise Our Underwriting Department at the address or numbers listed above within 10 days of the receipt of this Certificate, or notice electronically that the Certificate is available, if any information or medical history is incomplete, incorrect, or has changed since the date of the Enrollment Form.

*     *     *

---

*Defendant Everest's Original Answer and Affirmative Defenses*                     *Page 2 of 6*

**PART III – TERMINATION OF COVERAGE**

Coverage under the Policy will cease at 12:01 a.m. for a Covered Person, based on the time zone in the place where the Insured resides, on the earliest of the following:

*     *     *

3.      The date an Insured performs an act or practice that constitutes fraud, or is found to have made a misrepresentation of material fact, relating in any way to the Policy, including claims for benefits under the Policy[.]

*     *     *

**PART VII – EXCLUSIONS AND LIMITATIONS**

Loss caused by, contributed to or resulting from the following is excluded or otherwise limited as specified:

1.      Pre-Existing Conditions:

   a.   Charges resulting directly or indirectly from a condition for which a Covered Person received medical treatment, or advice within the 12 month period immediately preceding such person's Certificate Effective Date are excluded for the first 12 months of coverage hereunder.

   b.   Pre-Existing Conditions includes conditions that produce any symptoms which would have caused a reasonable prudent person to seek diagnosis, care or treatment within the 60 month period immediately prior to the Covered Person's Certificate Effective Care of coverage under the Policy.

*     *     *

**PART X – GENERAL PROVISIONS**

*     *     *

**Rescission:** A misrepresentation or omission in the Enrollment Form or other documents provided to Us may be the basis for later rescission of all coverage of all Covered Persons. Rescission voids all coverage as of the Certificate Effective Date and means that no benefits will be paid to any person for any claim submitted. We will refund to You premiums paid after deduction for any claims We paid.

---

4.     For further answer, should it be necessary, Everest asserts that there is no ambiguity in its insurance application (the "Enrollment Form') as there is only one reasonable interpretation to Question No. 4 of the Enrollment Form.

5.     For further answer, should it be necessary, Everest asserts that there is no ambiguity in the Policy as there is only one reasonable interpretation of the terms, conditions, and limitations.

6.     For further answer, should it be necessary, Everest asserts that Plaintiffs had a duty under Texas law to read the Policy and are charged with knowledge of its contents.  As such, Everest asserts that any claim based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of contents of the Policy.

7.     For further answer, should it be necessary, Plaintiffs have failed to state a claim upon which relief can be granted.  Specifically, Plaintiffs have failed to sufficient describe a cause of action under the Texas Deceptive Trade Practices Act and/or the Texas Insurance Code.

8.     For further answer, should it be necessary, a bona fide/legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including common law duty of good faith and fair dealing and for violations of the Texas Insurance Code, the Texas Business and Commerce Code or any other statutory or common law authority.

9.     For further answer, should it be necessary, Plaintiffs' damages, if any, are the result of the negligence, carelessness, and/or fault on the part of independent contractors and/or third parties over which Everest had no control. Said negligence, carelessness, and/or comparative fault on the part of such independent contractors or third parties was either the sole

cause, or in the alternative, proximate cause, and/or a producing cause of the incident made the basis of the litigation and any alleged damages sought by Plaintiffs.

10.     For further answer, should it be necessary, Plaintiffs' damages, if any, must be limited by the amount set forth in the Policy limits of liability.  In particular, Everest would direct Plaintiffs' to the following language contained in the Policy's Short Term Medical Insurance Certificate of Coverage:

**THIS IS A SHORT TERM MEDICAL INSURANCE PLAN THAT IS NOT INTENDED TO QUALIFY AS THE MINIMUM ESSENTIAL COVERAGE REQUIRED BY THE AFFORDABLE CARE ACT (ACA).**

*      *      *

**LIMITED BENEFITS, PLEASE READ CAREFULLY.**

11.     For further answer, should it be necessary, Plaintiffs' damages, if any, must be offset by the amount of applicable policy deductibles, retentions and/or any previous payments made to and/or paid on behalf of Plaintiffs by other third parties, including other insurers.

12.     For further answer, should it be necessary, Everest is not liable in whole or in part for any damages Plaintiffs may have suffered, which Everest denies, because Everest's actions or inactions were not a proximate or producing cause of any damages, injury or loss allegedly suffered by Plaintiffs.

13.     Pleading further, if such be necessary, Everest specifically reserves the right to assert further affirmative defenses as this litigation proceeds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Everest prays Plaintiffs take nothing by reason of this suit, and that Everest recovers its costs and for such other and further relief to which it may show itself to be justly entitled.

---

Respectfully submitted,

WALKER WILCOX MATOUSEK LLP

By: /s/ Stephen O. Venable
     Stephen O. Venable
     State Bar of Texas I.D. #24056471
     1001 McKinney Street, Suite 2000
     Houston, Texas 77002
     Telephone: (713) 654-8001
     Telecopy: (713) 343-6571
     Email:  svenable@wwmlawyers.com

ATTORNEYS   FOR   DEFENDANT   EVEREST
REINSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon the following counsel of record herein via the court's electronic filing and notice and/or email on this 7th day of March 2019.

                         /s/ Stephen O. Venable
                         Stephen O. Venable

# EXHIBIT

# E

FILED
2/19/2019 8:21 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Herrera

Case Number: 2019-CI-01653

PRIVATE PROCESS



2019CI01653  S00001

STEPHEN GRANT ETAL

**vs.**

EVEREST REINSURANCE ETAL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150TH JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:  EVEREST REINSURANCE

RETURN

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 25th day of January, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31ST DAY OF JANUARY A.D., 2019.

CASSANDRA PRUSKI
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Adrianna Cardenas*, Deputy

---

| STEPHEN GRANT ETAL | | |
|---|---|---|
| VS | **Officer's Return** | Case Number: 2019-CI-01653 |
| EVEREST REINSURANCE ETAL | | Court: 150th Judicial District Court |

I received this CITATION on _____ at _____ o'clock ___M. and;( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

# AFFIDAVIT ATTACHED

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on

_____
Declarant

RETURN TO COURT (DK002)

NO. 2019CI01653

| | | |
|---|---|---|
| STEPHEN GRANT AND | § | IN THE DISTRICT COURT OF BEXAR |
| MARY GRANT | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | 150TH JUDICIAL DISTRICT |
| | § | |
| EVEREST REINSURANCE, | § | |
| HEALTH PLAN INTERMEDIARIES | § | |
| HOLDINGS, LLC D/B/A HEALTH | § | |
| INSURANCE INNOVATIONS AND | § | |
| ALLIED NATIONAL, INC. | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF BEXAR | § |

On this day personally appeared Josh Canty, personally known to me, who being by me first duly sworn, deposed and stated under oath:

"My name is Josh Canty. I am a process server in the State of Texas. My Process Service Number is 12802. My license expires on 7/31/2020. My business address is 903 Isom Road, San Antonio, Texas 78216, United States of America. I am not less than eighteen years of age. I have personal knowledge of the facts contained herein and I swear they are true and correct. I am neither a party to, nor interested in the outcome of the above-styled cause. I am authorized by the State of Texas to execute citations, writs and notices of the court, and to make due return thereof.

"The following came to hand on January 29, 2019 at 1:16 P.M., for delivery to Defendant, EVEREST REINSURANCE COMPANY: *Citation* and *Plaintiffs' Original Petition and Requests for Disclosure* (herein referred to as "Service Documents").

"After first noting the date and time the process was received for service, service was executed on **February 8, 2019,** by delivery to Defendant through its Registered Agent of Service, Corporation Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, by Certified Mail/Return Receipt Requested No. 7018 1130 0000 1480 8994, a true copy of the Service Documents. A true and correct copy of the Return Receipt for Delivery, PS Form 3811 (Green Card) signed received (Ex. "A") is attached hereto and incorporated herein.

"Further, affiant sayeth not."

TO WHICH WITNESS my hand on February 18, 2019.

Josh Canty, Affiant

SUBSCRIBED and SWORN to before me on February 18, 2019.

KELLY FOLAND
Notary Public, State of Texas
Comm. Expires 01-26-2021
Notary ID 10491292

NOTARY PUBLIC, STATE OF TEXAS

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Everest Reinsurance Company
Registered Agent, Corporation
Service
211 E 7th St., Ste. 620
Austin, Texas 78701-3218

7018 1130 0000 1480 8994

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Everest Reinsurance Company
Registered Agent, Corporation
Service
211 E 7th St., Ste. 620
Austin, Texas 78701-3218

9590 9402 4283 8190 4546 55

7018 1130 0000 1480 8994

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Kyle Ratzlaff        ☐ Agent
                         ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
FEB 0 8 2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No
   Kyle Ratzlaff

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# EXHIBIT "A"

# EXHIBIT

# F

PRIVATE PROCESS

Case Number: 2019-CI-01653



2019CI01653  S00002

STEPHEN GRANT ETAL

VS.

EVEREST REINSURANCE ETAL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150TH JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   HEALTH PLAN INTERMEDIARIES HOLDINGS LLC DBA HEALTH INSURANCE
INNOVATIONS
BY SERVING THE COMMISSIONER OF INSURANCE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION REQUESTS FOR DISCLOSURE  was filed on the 25th day of January, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31ST DAY OF JANUARY A.D., 2019.

CASSANDRA PRUSKI
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Adrianna Cardenas*, Deputy

---

STEPHEN GRANT ETAL
VS
EVEREST REINSURANCE ETAL

**Officer's Return**

Case Number: 2019-CI-01653
Court: 150th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK902)

# EXHIBIT G

PRIVATE PROCESS

Case Number: 2019-CI-01653

2019CI01653 S00004

STEPHEN GRANT ETAL

VS.

EVEREST REINSURANCE ETAL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   HEALTH PLAN INTERMEDIARIES HOLDINGS LLC DBA HEALTH INSURANCE
INNOVATIONS
BY SERVING THE COMMISSIONER OF INSURANCE

15438 N FLORIDA AVE STE 201
TAMPA FL 33613

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 25th day of January, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 22ND DAY OF FEBRUARY A.D., 2019.

CASSANDRA PRUSKI
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246

MID  2-22-19



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Adrianna Cardenas*, Deputy

| STEPHEN GRANT ETAL VS EVEREST REINSURANCE ETAL | **Officer's Return** | Case Number: 2019-CI-01653 Court: 150th Judicial District Court |

I received this CITATION on _____ at _____o'clock ___M. and;( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

# EXHIBIT
# H

PRIVATE PROCESS

Case Number: 2019-CI-01653



2019CI01653  S00003

STEPHEN GRANT ETAL

VS.

EVEREST REINSURANCE ETAL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ALLIED NATIONAL INC
BY SERVING THE COMMISSIONER OF INSURANCE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 25th day of January, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31ST DAY OF JANUARY A.D., 2019.

CASSANDRA PRUSKI
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



Foojé Cruz 2-1-19

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Adrianna Cardenas*,  Deputy

| STEPHEN GRANT ETAL | | |
|---|---|---|
| VS | **Officer's Return** | Case Number: 2019-CI-01653 |
| EVEREST REINSURANCE ETAL | | Court: 150th Judicial District Court |

I received this CITATION on _____ al _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ al _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

# EXHIBIT I

PRIVATE PROCESS

Case Number: 2019-CI-01653



2019CI01653  S00005

**STEPHEN GRANT ETAL**

**VS.**

**EVEREST REINSURANCE ETAL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ALLIED NATIONAL INC
              BY SERVING THE COMMISSIONER OF INSURANCE

              PO BOX 29189
              KANSAS CITY MO 64152

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 25th day of January, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 22ND DAY OF FEBRUARY A.D., 2019.

CASSANDRA PRUSKI
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



M / o    2-22-19

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Adrianna Cardenas*, Deputy

---

STEPHEN GRANT ETAL
VS
EVEREST REINSURANCE ETAL

**Officer's Return**

Case Number: 2019-CI-01653
Court: 150th Judicial District Court

I received this CITATION on _____ at _____ o'clock ____M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the

_____ at _____ o'clock ____M. at:_____ or ( ) not executed because

_____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is

_____, County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on
the _____ day of _____, 20____.

_____
                                          Declarant