# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STEPHEN GRANT and MARY GRANT,** | § § § | |
| | § | **SA-19-CV-00232-FB-ESC** |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| **EVEREST REINSURANCE, HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC, d/b/a HEALTH INSURANCE INNOVATIONS, ALLIED NATIONAL, INC., and DAVID BROMBERG,** | § § § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled and numbered cause of action is Defendant David Bromberg's Motion to Dismiss [#45], Plaintiffs' Motion for Leave to File Third Amended Complaint [#52], Plaintiffs' Response to Defendant Bromberg's Motion to Dismiss [#53], Defendant Bromberg's Response to Plaintiffs' Motion for Leave to Amend [#57], and Defendant Bromberg's Reply to Plaintiffs' Response to Defendant Bromberg's Motion to Dismiss [#58]. On March 21, 2019, this cause of action was referred to the undersigned for all pretrial proceedings pursuant to Local Rule CV-72 and Appendix C of the Local Rules of the United States District Court for the Western District of Texas and 28 U.S.C. § 636(b) [#5]. After considering the motions, various responses and replies filed to the motions, Plaintiffs' live and proposed pleadings, and the governing law, the Court will grant Plaintiffs' motion for leave to amend and dismiss Defendant Bromberg's motion to dismiss as moot.

## I. Procedural Background

This action arises out of a medical insurance policy agreement between Plaintiffs Stephen Grant and Mary Grant ("Mrs. Grant") (collectively, "Plaintiffs") and Defendant Everest Reinsurance ("Everest"). On January 25, 2019, Plaintiffs filed their Original Petition in state court against Defendant Health Plan Intermediaries Holdings, LLC, doing business as Health Insurance Innovations ("HPI"), Defendant Everest Reinsurance ("Everest"), and Defendant Allied National, Inc. ("Allied"), Everest's third-party administrator. (Orig. Pet. [#1-2].) On March 8, 2019, the case was removed to this Court on the basis of diversity jurisdiction [#1].

On June 11, 2019, Plaintiffs timely filed their First Amended Complaint [#17] adding Defendant David Bromberg ("Bromberg"). The First Amended Complaint alleges claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, negligent misrepresentation, breach of fiduciary duty, and statutory violations of the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and the Texas Unfair Insurance Practices Act against all Defendants.

On June 12, 2019, Plaintiffs filed a Partially Unopposed Motion for Leave to File their Second Amended Complaint [#18], which this Court orally granted as unopposed. The Second Amended Complaint was filed partially in response to Defendant HPI's motion to dismiss by clarifying the assertion of and basis for claims against each Defendant and by providing additional factual details to support those claims. The Second Amended Complaint is the current live pleading in this case [#26].

Defendant Bromberg has moved to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming Plaintiffs have failed to and cannot allege any claims against him [#45]. In response, Plaintiffs have moved for leave to amend their pleadings and file a Third Amended Complaint in order to correct statements regarding Bromberg's relationship with other

Defendants, clarify the assertion of and basis for Plaintiffs' claims against each Defendant, provide additional factual details to support their claims, and to dismiss HPI as a defendant due to the settlement between HPI and Plaintiffs [#52].  Plaintiffs attached a proposed Third Amended Complaint to their motion.  (Third Am. Compl. [#52-1].)  Plaintiffs also filed their Response to Defendant Bromberg's Motion to Dismiss [#53].  Then, Defendant Bromberg filed his Response to Plaintiffs' Motion for Leave to Amend [#57] and his Reply to Plaintiffs' Response to Defendant's Motion to Dismiss [#58].

## II.  Plaintiffs' Factual Allegations

Plaintiffs' Second Amended Complaint alleges that HPI operates a web-based platform to connect prospective clients with insurance agents and a variety of insurance carriers, with which it has specialized relationships. (Second Am. Compl. [#26] at 2.)  When a prospective client uses the platform, HPI assigns the client to an individual insurance agent in order to apply for and obtain coverage. *Id*.  HPI represents to the clients that these agents are licensed and capable of handling the client's needs. *Id*.  HPI functions as an agent of the insurance carriers, managing the billing of the insurance policies for carriers, including Defendant Everest. (*Id*. at 3.)

In 2016, Plaintiffs used the services of HPI to find an insurance agent and insurance carrier to purchase medical insurance for their family. *Id*.  Through the platform, HPI referred the Plaintiffs to insurance agent David Bromberg ("Bromberg"). *Id*.  On December 15, 2016, Mrs. Grant applied for and purchased a medical insurance policy take effect on January 1, 2017 from Everest (Certificate No. EVT0157220) over the phone through agent Bromberg using the HPI platform. *Id*.  Plaintiffs claim that HPI, Allied, and Bromberg are agents of Everest under Section 4001.051 of the Texas Insurance Code. (*Id*. at 8.)

On May 2, 2017, Mr. Grant was rushed to the emergency room, which resulted in treatments for Cardiac Arrhythmia. Plaintiffs submitted these claims to Everest through its third-

party administrator, Allied, for payment as the policy required. (*Id*. at 4.)  On March 29, 2018, Plaintiffs received a letter from HPI informing them that, after review of the medical information submitted, Everest and Allied were denying Plaintiffs' claim.  *Id*.  The HPI letter further stated that the policy had been rescinded, making it null and void as of January 1, 2017, based on their determination that Plaintiffs had provided inaccurate medical history information during the application process, and as a result, Everest was misled into approved coverage for Plaintiffs. (*Id*. at 5.)  Plaintiffs allege that Bromberg made certain misrepresentations during the insurance policy application process, and that they relied on these misrepresentations to their detriment.  Plaintiffs filed this suit asserting claims against Defendant Bromberg for DTPA violations, negligence, negligent misrepresentation, and breach of fiduciary.  (*Id*. at 11-12, 14-15.)

### III.  Analysis

The Court will grant Plaintiffs' motion for leave to file their Third Amended Complaint and dismiss as moot Defendant's motion to dismiss.

**A.     Motion for Leave to Amend**

The Federal Rules of Civil Procedure favor amendment.  A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  The grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see also Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15 expresses a strong presumption in favor of liberal pleading"); *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981) ("[Rule 15] evinces a bias in favor of granting leave to amend.").  A motion to amend should not

be denied unless there is "substantial reason" to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Pursuant to the current scheduling order in this case, the deadline to amend pleadings was on October 4, 2019 [#33]. However, on November 13, 2019, Defendant Bromberg filed a motion to dismiss with attached exhibits, which included new facts related to Bromberg's employment and connection to the case [#45]. Although Plaintiffs move for leave to amend approximately two months after the deadline to amend, they request leave of the Court to amend in order to incorporate new facts pertaining to Defendant Bromberg, which were produced to Plaintiffs just one month prior to their motion for leave. Thus, this case does not involve any undue delay or bad faith on the part of Plaintiffs. Nor will Plaintiffs' amendment cause Defendant Bromberg any undue prejudice at this early stage of the litigation. *See United States ex rel. Steury*, 625 F.3d at 270. Additionally, as is addressed in more detail below, Plaintiffs' claims against Bromberg for DTPA violations, negligence, negligent misrepresentation, and breach of fiduciary duty are not time barred based on the allegations in Plaintiffs' Second Amended Complaint or proposed Third Amended Complaint. Plaintiffs' motion for leave to amend is therefore granted.

**B.     Motion to Dismiss**

Because the Court has granted Plaintiffs' leave to file their Third Amended Complaint, the Court will dismiss Bromberg's motion to dismiss the Second Amended Complaint as moot. Bromberg's primary argument in his motion to dismiss is that he was never an agent or employee of Allied, HPI, or Everest, but instead was an employee of National Health Hub ("NHH"). (Motion to Dismiss [#45] at 2.) In support of this argument, Bromberg attaches a declaration to

his motion as proof of his employment with NHH. (Bromberg Decl. [#45-1].) In reviewing a motion to dismiss, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). A court should not dismiss a claim unless the plaintiff would not be entitled to relief based on any set of facts or any possible theory that it could prove consistent with the allegations in the complaint. *Id*. Therefore, this Court's review of a motion to dismiss is generally limited to the pleadings and would not take into consideration Bromberg's declaration. Plaintiffs' Third Amended Complaint adds newly discovered facts regarding Bromberg's employment with National Health Hub ("NHH"), contains allegations of an agency relationship between Bromberg and Everest, and continues to emphasize Bromberg's centrality to this case as the licensed insurance agent who sold insurance products to Plaintiffs. (Third Am. Compl. [#52-1] at 2-8.) Thus, Plaintiffs' proposed amendment renders Bromberg's primary argument moot.

The only other argument in Bromberg's motion is that Plaintiffs' causes of action for negligence and violations of the DTPA are time barred by the governing statutes of limitations. (Motion to Dismiss [#45] at 13.) Bromberg may reassert any limitations challenge if he chooses to do so in a subsequent motion attacking the sufficiency of Plaintiffs' Third Amended Complaint but should limit any argument to the pleaded facts. A Rule 12(b)(6) motion to dismiss may be granted due to a time bar but only if a cause of action's untimeliness is apparent from the factual allegations in the complaint. *See Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F .3d 773, 775 n.3 (5th Cir. 1997); *see also Hilbun v. Goldberg*, 823 F.2d 881, 884 (5th Cir. 1987). The Court notes that in this case, Plaintiffs allege facts that suggest the causes of action against Bromberg accrue within the relevant statutes of limitations, although Bromberg appears to dispute these facts. Bromberg is cautioned that arguments that rely on an evidentiary record

are properly handled in a motion for summary judgment, not a motion to dismiss. *See Martin K. Eby Const. Co.*, 369 F.3d at 467.

For these reasons, Bromberg's motion to dismiss is dismissed as moot. Defendant Bromberg may refile his motion to dismiss and reassert his limitations argument or any other basis for dismissal.

### IV.  Conclusion

Having considered the parties' motions, various responses and replies to the motions, Plaintiffs' live and proposed pleadings, and the governing law,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint [#52] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant David Bromberg's Motion to Dismiss [#45] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk file Plaintiffs' Third Amended Complaint attached to their motion [#52-1].

**SIGNED this 18th day of May, 2020.**

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE